MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jermaine Houston,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Officer Ranzau,<br><br>　　　　　　　Defendant. | No.　CV-25-04129-PHX-JAT (CDB)<br><br>**ORDER** |

**I.　Procedural History**

On September 3, 2025, Plaintiff Jermaine Houston filed a Complaint in the Superior Court of Maricopa County, Arizona. On September 12, 2025, he filed an Amended Complaint (Doc. 1 at 13-18)[1] against Defendant Officer Ranzau. On November 4, 2025, Defendant Ranzau filed a Notice of Removal and removed the case to this Court. On November 10, 2025, the parties filed a Stipulated Motion to Amend Complaint and Extend Responsive Pleading Deadline (Doc. 3).

**II.　Remand**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction" and the burden of establishing jurisdiction is on the party asserting

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

1 jurisdiction. *Id.* Limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is obligated to determine whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The removal statute is strictly construed **against** removal jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (emphasis added). The party invoking the statute bears the burden of establishing federal jurisdiction. *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see California ex rel. Lockyer*, 375 F.3d at 838. The plaintiff is the master of the claim and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. A plaintiff, therefore, may choose to have a case heard in state court "by eschewing claims based on federal law." *Id.* at 399. *See also California ex rel. Lockyer*, 375 F.3d at 838-39.

Defendant contends the Court has jurisdiction because Plaintiff "has asserted a claim of violation of his Civil Rights afforded under the U.S. Constitution pursuant to alleging excessive use of force." This is not true. Plaintiff makes no mention of his civil rights, the United States Constitution, or an excessive use of force. The entirety of his factual allegations are: "Jermaine Houston had several seizures in custody of the police on 12/08/23[.] Jermaine Houston ask for his medication by police but he was denied[.] Police also made force as needed doing this incident." (Doc. 1 at 14.) And his civil cover sheet asserts he is raising a "Negligence" claim. (*Id*. at 10.)

Because Defendant has failed to meet his burden of establishing federal jurisdiction over this case, the Court will remand this case to the Maricopa County Superior Court. The Court will not rule on the Stipulated Motion to Amend Complaint and Extend Responsive Pleading Deadline.

**IT IS ORDERED:**

(1) This matter is **remanded** to the Maricopa County Superior Court.

(2) The Clerk of Court must mail a **certified copy** of this Order to:

> Joseph W. Malka
> Clerk of the Superior Court
> Maricopa County, Arizona Superior Court
> 201 West Jefferson
> Phoenix, Arizona 85003-2205

(3) The Clerk of Court must close this federal case.

Dated this 10th day of November, 2025.

*(signature)*
James A. Teilborg
Senior United States District Judge